**STATE ex rel. CITY OF CUSHING v. KING, Atty. Gen.**

No. 23460. Opinion Filed Feb. 14, 1933.

S. J. Berton and J. D. Lydick, for plaintiff.

J. Berry King, Atty. Gen., and Geo. J. Fagin, for defendant.

ANDREWS, J. This is an original action in this court wherein the petitioner seeks a writ of mandamus against the respondent requiring him to approve certain bonds sought to be issued by the petitioner under the authority granted by the provisions of section 27, article 10, of the Constitution.

That section authorizes an incorporated city to become indebteded "* * * for the purpose of purchasing or constructing public utilities, or for repairing the same, to be owned exclusively by such city, * * *" when a majority of the qualified property taxpaying voters of such city, voting at an election held for that purpose, have authorized the incurring thereof. The provisions thereof are self-executing and an electric light plant is a public utility within the meaning thereof. Williams v. City of Norman, 85 Okla. 230, 205 P. 144.

The record shows that under that authority the city of Cushing, on the 3rd day of November, 1930, adopted an ordinance authorizing the holding of a special election on December 2, 1930, for the submission to the qualified property taxpaying voters of the city the question of the incurring of an indebtedness by issuing negotiable coupon bonds in the sum of $300,000 to provide funds "for the purpose of constructing an electric plant, distribution and transmission lines, and furnishing electric current to the city of Cushing and the citizens of said city, to be owned exclusively by said city of Cushing"; that a proclamation in conformity with the provisions of that ordinance and calling an election pursuant thereto was duly issued and published; that that election was held; that the ballot submitted to the voters at that election conformed to the provisions of the ordinance; that the incurring of the indebtedness for the purpose stated in the ordinance and ballot was approved; that after the election the city council ordered that the authorized bonds be issued in two series, series "A" to be in the total amount of $85,000, and series "B" in the total of $215,000; that the series "A" bonds were purchased by the city officials; that the series "B" bonds were prepared and submitted to the Attorney General for his approval; that they recited that the indebtedness contracted was "for the purpose of constructing an electric light equipment, distribution and transmission lines, and furnishing electric current to the city of Cushing and citizens of said city, to be owned exclusively by the said city"; that the Attorney General refused to approve the bonds for two reasons: First, that the purpose stated in the bonds differed from the purpose stated in the election ordinance and ballot; and second, that since

the city of Cushing did not propose to issue all of the bonds authorized, the Attorney General was without authority of law to approve a portion thereof. We consider it necessary to determine only whether or not the first stated reason was sufficient.

The plaintiff contends that the bonds were authorized for three separate and distinct purposes. If so, the entire proceeding is void. Section 16, article 10, of the Constitution requires a specification of the purpose for which money borrowed is to be used, and an indebtedness may not be incurred for three separate and distinct purposes without designating the amount which is to be incurred for each of the three purposes. The authorization of the incurring of the indebtedness was for one purpose, that is, the construction of an electric plant, distribution and transmission lines, and furnishing electric current to the city of Cushing and the citizens of said city.

Authority granted to the municipal officers of a city by the qualified property taxpaying voters thereof, voting at an election held for that purpose, to incur an indebtedness by issuing negotiable coupon bonds to provide funds for a stated purpose, does not authorize them to incur an indebtedness to provide funds for any other purpose. Section 27, article 10, of the Constitution. The qualified voters of the city did not authorize the incurring of the indebtedness for the purpose stated in the bonds. For that reason the Attorney General was not authorized to approve the bonds, and this court will not require him to approve them.

The petition for a writ of mandamus is denied.

RILEY, C. J., and SWINDALL, OSBORN, BAYLESS, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and McNEILL, J., absent.